UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN CAPRIO,
    Plaintiff,

v.

RAHUL GORAWARA, a.k.a., RAHUL
GORAVARA,
    Defendant.

No. 3:23-cv-1410 (SRU)

## ORDER ON MOTION FOR RECONSIDERATION

Defendant Rahul Gorawara moved for reconsideration of the Court's order remanding the case to state court. For the following reasons, I **deny** Gorawara's motion for reconsideration, **doc. no. 24**.

**I.    Standard of Review**

The standard for granting motions for reconsideration is "strict." D. Conn. L. Civ. R. 7(c). Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

## II.     Background

Self-represented defendant Gorawara filed a motion for reconsideration of District Judge Kari A. Dooley's order remanding this case to state court. Doc. No. 25. Gorawara and Plaintiff John Caprio, represented by counsel, have been litigating this case in Connecticut Superior Court since June 13, 2017. *Caprio v. Gorawara,* No. NNH-CV17-6088519-S (Conn. Super. 2017).[1] Gorawara has removed this case three times. *Caprio v. Gorawara*, No. 3:18-cv-821 (D. Conn. May 15, 2018), Doc. No. 1; *Caprio v. Gorawara*, No. 3:19-cv-1390 (D. Conn. Sept. 6, 2019), Doc. No. 1; *Caprio v. Gorawara*, No. 23-cv-1410 (D. Conn. Oct. 27, 2023), Doc. No. 1. Gorawara's removals were remanded three times for lack of subject matter jurisdiction. *Caprio v. Gorawara*, No. 3:18-cv-821 (D. Conn. July 13, 2018), Doc. No. 21; *Caprio v. Gorawara*, No. 3:19-cv-1390 (D. Conn. Nov. 14, 2019), Doc. No. 22; *Caprio v. Gorawara*, No. 23-cv-1410 (D. Conn. Nov. 28, 2023), Doc. No. 23.

## III.    Discussion

Gorawara is self-represented. "The solicitude afforded to *pro se* litigants takes a variety of forms. It most often consists of liberal construction of pleadings, motion papers, and appellate briefs." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, "the appropriate degree of special solicitude is not identical with regard to all *pro s*e litigants." *Id.* at 102. "[T]he exact degree thereof will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant." *Id.* "[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. The ultimate extension of this

---

[1] I take judicial notice of the state court docket and filings. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Id.* (citation omitted).

Caprio claims Gorawara has "degrees from the Yale School of Management and Yale Law School." Doc. No. 26 at 3. Gorawara signs his filings in the Connecticut Superior Court as a "JD PhD Candidate" and "SOM-PHD" in reference to his education at Yale Law School and the Yale School of Management. *E.g.*, Mot. for Continuance, Doc. No. 26-3 at 1. He is a member of the New York Bar[2] and has received a sophisticated legal education. I do not afford him the "special solicitude" that I normally afford *pro se* litigants.

A. <u>Removal Timeliness</u>

Judge Dooley concluded in her November 28, 2023 order that Gorawara's removal was untimely. Doc. No. 23.

Federal courts may hear cases under diversity jurisdiction only when there is complete diversity of citizenship between the plaintiffs and defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant must file a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant . . . whichever period is shorter." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). As Judge Dooley noted, "[t]he state court

---

[2] Attorney Search, New York State Courts, https://iapps.courts.state.ny.us/attorneyservices/search?2 (showing Rahul Goravara as a currently registered attorney, registration number 5859822) (last visited Apr. 1, 2024). Gorawara's registered surname under his bar license is Goravara, not Gorawara.

action was filed in 2017 and thus [Gorawara's] notice of removal[,]" filed on October 27, 2023, [wa]s untimely." Order, Doc. No. 23.

Gorawara disagrees. He claims removal was timely because the thirty-day removal clock did not begin to run until Caprio accumulated attorney's fees after he sent Gorawara a $75,000 settlement offer in June, 2022. *Id.* at 7 (citing 28 U.S.C. § 1446(b)(3)). However, a case based on diversity jurisdiction may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In 2018, Caprio stipulated that he would not accept an award of damages above $74,999.00. *Caprio v. Gorawara*, No. 3:18-cv-821 (D. Conn. May 15, 2018), Doc. No. 20. I subsequently remanded the case for lack of subject matter jurisdiction. *See* Doc. No. 21.

Gorawara's removal is untimely. He filed his notice of removal six years after Caprio initiated the state court action. *See* Order, Doc. No. 23, *Caprio v. Gorawara*, No. 23-cv-1410 (D. Conn. Nov. 28, 2023). Caprio's settlement offer of $75,000 requests one dollar more than the $74,999.00 damages stipulation. The one-dollar difference does not indicate Caprio "has acted in bad faith in order to prevent" Gorawara from removing the case. 28 U.S.C. § 1446(c)(1).

Accordingly, I **deny** Gorawara's motion for reconsideration, **doc. no. 24**.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of April 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge