## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN CAPRIO,<br>        Plaintiff, | No. 3:23-cv-1410 (SRU) |
| v. | |
| RAHUL GORAWARA, a.k.a., RAHUL<br>GORAVARA,<br>        Defendant. | |

## <u>ORDER IMPOSING SANCTIONS</u>

Plaintiff John Caprio moved for sanctions against Defendant Rahul Gorawara for repeatedly removing state court cases.  For the following reasons, I **grant** Caprio's motion for sanctions, **doc. no. 26.**

I assume the parties' familiarity with the underlying facts and procedural history. Gorawara is a registered member of the New York Bar.[1]  Gorawara has removed this case three times. *Caprio v. Gorawara*, No. 3:18-cv-821 (D. Conn. May 15, 2018), Doc. No. 1; *Caprio v. Gorawara*, No. 3:19-cv-1390 (D. Conn. Sept. 6, 2019), Doc. No. 1; *Caprio v. Gorawara*, No. 23-cv-1410 (D. Conn. Oct. 27, 2023), Doc. No. 1.   The removals were remanded three times for lack of subject matter jurisdiction.  *Caprio v. Gorawara*, No. 3:18-cv-821 (D. Conn. July 13, 2018), Doc. No. 21; *Caprio v. Gorawara*, No. 3:19-cv-1390 (D. Conn. Nov. 14, 2019), Doc. No. 22; *Caprio v. Gorawara*, No. 23-cv-1410 (D. Conn. Nov. 28, 2023), Doc. No. 23.  Gorawara moved for reconsideration of District Judge Kari A. Dooley's order remanding the case to state court.  Doc. No. 24.  Caprio in turn moved for Rule 11 sanctions.  Doc. No. 26.

---

[1] Attorney Search, New York State Courts, https://iapps.courts.state.ny.us/attorneyservices/search?2 (showing Rahul Goravara as a currently registered attorney, registration number 5859822) (last visited Apr. 1, 2024).  Gorawara's registered surname under his bar license is Goravara, not Gorawara.

On April 2, 2024, I denied Gorawara's motion for reconsideration of Judge Dooley's order remanding the case.  Doc. No. 33.  I concluded that Gorawara's removal, filed six years after the state court case commenced, was untimely.  *Id.* (citing 28 U.S.C. § 1446(c)(1)).

Federal Rule of Civil Procedure 11(b) requires attorneys and unrepresented parties to "certif[y]" that "a pleading, written motion, or other paper . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]  Fed. R. Civ. P. 11(b)(1).  If "the court determines Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ."  Fed. R. Civ. P. 11(c)(1).  "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  "The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness."  *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).

Gorawara has exhibited objectively unreasonable behavior by removing this action, which has been pending for over six years, for a third time.  I adopt District Judge Michael P. Shea's commentary from when Gorawara removed this case for the second time, in 2019.  Judge Shea remanded the case, doc. no. 22, and denied Gorawara's subsequent motion for reconsideration.  Doc. No. 24.[2]  Gorawara appealed and moved to stay Judge Shea's ruling pending appeal.  Docs. No. 28, 33.  He additionally moved "for an order directing the clerk not

---

[2] Judge Shea granted Gorawara's motion for reconsideration in part and denied it in part, but ultimately denied Gorawara's requested relief.  Doc. No. 24.

to place a certified copy of the remand order in the mail unless, and until, the Second Circuit

denies the Defendants' motion for stay of said order pending appeal."  Doc. No. 25.

Amidst the motions practice, Judge Shea noted:

> an order directing the Clerk to refrain from effectuating the remand order would entail
> further delay in this case, which the defendant removed to this Court after **over two years**
> of litigation, **shortly before trial in the state court**, and after the state trial court denied
> the defendants motion for continuance of the trial.

Doc. No. 30 (emphasis added).

Four years later, Gorawara exhibits identical conduct.  He removed this case two days

before jury selection in the state court proceedings, apparently to "cause unnecessary delay."

Fed. R. Civ. P. 11(b)(1); *see Caprio v. Gorawara et al.*, No. NNH-CV17-6071233-S, Doc. No.

203.10 (Ct. Super. Ct. Oct. 18, 2023); *id.* Doc. No. 205.00.  Rule 11 sanctions are therefore

appropriate "to deter repetition of [Gorawara's] conduct."  Fed. R. Civ. P. 11(c)(1); *cf. Vendor*

*Res. Mgmt. v. Est. of Zackowski*, 2019 WL 13220123, at *3 (D. Conn. Sept. 30, 2019) (imposing

Rule 11 sanctions for an untimely removal filed on the first day of trial, which was "an obvious

attempt to delay litigation in the Superior Court"); *Pisciotta v. Dobrynina*, 2009 WL 1913393, at

*4 (E.D.N.Y. July 2, 2009) ("Although it is sufficient for purposes of Rule 11 that any competent

attorney would have recognized the removal in this case to be both untimely and improper, even

more troubling is the fact that [the defendant's] actions amounted to an eleventh-hour attempt to

divest the state . . . [c]ourt of jurisdiction over this case at a critical time in the litigation.").

Additionally, although unnecessary to impose Rule 11 sanctions, Gorawara has exhibited

unprofessional conduct before this Court.  Gorawara's listed address—SOM-PHD P.O. Box

208200, New Haven, CT 06520-8206—appears to be invalid.  "There is no P.O. Box

208200. . . . Mail directed to that address is consistently returned" because Gorawara is no longer

a student at Yale.  Doc. No. 26 at 5; Doc. No. 26-5 (envelope labeled "RTS No Longer Here").

Caprio alleges mail directed to that address "has been returned 'RTS [Return to Sender] No Longer Here' for *several years*."  Doc. No. 26 at 5 (emphasis added).

Gorawara furthermore does not sign his court filings with his surname as it appears on his New York Bar registration,[3] his employer Cornerstone Research's website,[4] or the Yale School of Management's website.[5]  His actual surname appears to be "Goravara."  Gorawara does not dispute that he appears to be using an incorrect surname name on his court filings, and provides no explanation for why he does so.  *See generally* Opp. Mem. of Law, Doc. No. 27.

Therefore, for the reasons set forth above, Caprio's motion for sanctions, **doc. no. 26**, is **granted**.

Gorawara is hereby ORDERED to compensate Caprio for:

(1) costs;

(2) expenses; and

(3) reasonable attorneys' fees incurred because of Gorawara's violation of Federal Rule of Civil Procedure 11, up to a total of $2,000.00, within thirty days of this Order.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of April 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[3] Attorney Search, New York State Courts (Rahul Goravara, registration number 5859822).
[4] Professionals, Cornerstone Research, https://www.cornerstone.com/professionals/rahul-goravara/ (last visited Apr. 1, 2024).
[5] Recent Graduates and Current Students, Yale School of Management, https://som.yale.edu/programs/phd/overview/finance/recent-graduates-and-current-students (listing Rahul Goravara, class of 2021, as employed with Cornerstone Research) (last visited Apr. 1, 2023).