UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN CAPRIO,<br>      Plaintiff,<br><br>      v.<br><br>RAHUL GORAWARA, a.k.a., RAHUL GORAVARA,<br>      Defendant. | No. 3:23-cv-1410 (SRU) |

**ORDER DENYING MOTIONS FOR SANCTIONS**

Rahul Gorawara twice moves for sanctions against plaintiff's counsel, Richard Connors, for making factually unsupported claims about the spelling of Gorawara's surname. For the following reasons, I **deny** Gorawara's motions for sanctions, **docs. no. 43**, **49**.

**I.    Background**

I assume the parties' familiarity with the underlying facts and procedural history. Relevant to the instant motions, on December 22, 2023, Caprio filed a memorandum in support of his motion for sanctions against Gorawara. *See generally* Doc. No. 26. In that memorandum, Caprio claimed that "[i]n [Gorawara's] testimony at trial" for an action brought against Caprio and his late wife, *Gorawara v. Caprio*, No. 3:19-cv-756 (MPS), "he admitted that his given surname is not Gorawara but rather Goravara." *Id.* at 5. On April 2, 2024, I granted Caprio's motion for sanctions. Doc. No. 34. Gorawara subsequently filed the first of the instant motions for sanctions, focusing on the statement made by Caprio about Gorawara's trial testimony. *See generally* Doc. No. 43.

Caprio filed an objection to Gorawara's first motion for sanctions. Doc. No. 47. In his objection, Caprio claimed that "[a]n internet search by the undersigned has not turned up any instance of the name 'Gorawara' linked to the Defendant other than in this case. There are

numerous links, however, connecting him to the name 'Goravara.'" *Id.* at 2. In response, Gorawara filed a second motion for sanctions. Doc. No. 49. He takes issue with Caprio's statement about the internet search of his surname. *Id.* at 1. Both of Gorawara's motions allege that Caprio made those statements without evidentiary support in violation of Federal Rule of Civil Procedure 11(b)(3). Doc. No. 43 at 1; Doc. No. 49 at 2.

## II.     Standard of Review

Federal Rule of Civil Procedure 11(b) requires attorneys and unrepresented parties to "certif[y]," among other things, that "a pleading, written motion, or other paper['s] . . . factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3). If "the court determines Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). "The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). A court has the power to award sanctions "only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Jusino v. Barone*, 2023 WL 6379342, at *11 (D. Conn. Sept. 29, 2023) (quoting *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).

## III.    Discussion

For both of Caprio's alleged misrepresentations of fact, Rule 11 sanctions are inappropriate. Gorawara has not shown that either of Caprio's statements serving as a basis for Gorawara's motions for sanctions were clearly without color or motivated by improper purposes.

Caprio's first statement claims that Gorawara "admitted" at a civil trial "that his given surname is not Gorawara but rather Goravara." Doc. No. 26 at 5. In Gorawara's view, that

statement amounts to defamation. Doc. No. 43 at 3. Gorawara did not attach an exhibit to his motion for sanctions. He could have, for example, attached the civil trial transcript showing that Caprio indeed misrepresented the trial testimony. Gorawara instead asks me to order Caprio "to produce the trial transcript that allegedly supports the factual representation." Doc. No. 43 at 4. That trial transcript is equally available to Gorawara. Without a greater showing that Caprio made an objectively unreasonable false statement of fact, sanctions are inappropriate.

Caprio's second statement claims that "[a]n internet search by the undersigned has not turned up any instance of the name 'Gorawara' linked to the Defendant other than in this case. There are numerous links, however, connecting him to the name 'Goravara.'" Doc. No. 47 at 2. Gorawara's earlier-filed Motion for Reconsideration cites to an internet article spelling his name as "Gorawara." Doc. No. 49 at 3 (citing Doc. No. 35 at 4 n.1). Because Gorawara had previously referenced an article with his surname's "Gorawara" spelling, he asks me to infer that Caprio knowingly made a false statement of fact. *See id.* at 1, 3-4.

Caprio's statement is not, however, "utterly lacking in support." *See Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)). Caprio's counsel merely stated that *his* internet search did not turn up any spellings of "Gorawara," not that the internet is devoid of "Gorawara" spellings of the defendant's name. Gorawara engaged in an "overly literal reading of a factual statement," which Rule 11 does not penalize. *See Kiobel v. Millison*, 592 F.3d 78, 83 (2d Cir. 2010).

IV.   **Conclusion**

For the reasons set forth above, Gorawara's motions for sanctions, **docs. no. 43, 49**, are **denied**.

So ordered.

3

Dated at Bridgeport, Connecticut, this 25th day of April 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
